[No. 5661.]
## JOTHAM SALISBURY AND JOSEPH HICKS v. JOHN SHIRLEY AND LEOPOLD ENGLEHARD.

LANDLORD AND TENANT—PAYMENT OF TAXES. — If a lease for ten years and six months contain a stipulation that in addition to the monthly rent the lessee will pay all taxes, rates, or assessments which at any time during the term may be levied or assessed on the demised premises, the lessee is bound by the covenant to pay the taxes levied on the property during the last six months of the term.

* A rehearing was granted in this case, and the final decision was rendered without an opinion.

CONSTRUCTION OF LEASE.—But if the lease contain a further stipulation that if the net amount of rents received by the lessee from the demised premises, after deducting the taxes and assessments, in any one year during the term, be insufficient to pay the monthly rent, in that event the lessee should not be liable to pay more for the rent "nor upon the covenants of this lease" than such amount as he shall receive as the rents and profits of the property; this is in legal effect a stipulation that during the last six months of the term the lessee shall not be required to pay more for the monthly rents and for taxes levied during that period than he shall have received during the same period as rents and profits from the property.

PLEADING—BREACH OF COVENANT.—In an action on the lease to recover from the lessee taxes paid by the lessors, and which were levied on the property during the last six months of the term, the complaint, in order to show a breach of the covenant, should contain an averment that during the six months the lessee had received as rents and profits from the property a sum sufficient to pay the monthly rent and the taxes, and if the sum received be not sufficient to pay all the rent and taxes, it should at least be averred that some amount was received by the lessee during the six months, which would be applicable to the taxes.

APPEAL from the District Court of the Fifteenth Judicial District, San Francisco.

February 19th, 1859, the plaintiffs entered into a lease for the term of teñ years and six months, running from March 1st, 1859, with Shiels, the assignor of defendants. The lease contained a covenant that the lessee would pay the rent, " together with all taxes, rates, or assessments which may at any time during said term be levied or assessed upon the premises leased or the improvements thereon."

The lease expired on the 1st day of September, 1869. The taxes for the fiscal year of 1869–70 remaining unpaid, it is alleged that the lessors, or some one on their behalf, paid the sum of two thousand four hundred and twenty-three dollars and twenty-six cents, on the 16th day of December, 1869.

The suit is to recover the amount paid for taxes. The further facts are stated in the opinion. Judgment was rendered for the plaintiff, and the defendant appealed.

*Danl. Rogers* and *G. F. Sharp*, for Appellant.

The tax was not paid, and was not delinquent until after the expiration of the time specified in the lease. The defendants contend that by a proper construction of the lease, Shiels agreed

to pay to the lessors the taxes that should become due during the term, and it was not intended that the lessee should be compelled to pay taxes after the termination of the term specified in the lease.

The term commenced on the 1st day of March, 1859, and continued for ten years and six months, and during that time the defendant paid the taxes for ten years, for the Court finds that the lessee had performed all covenants, except the payment of the taxes involved in this action. The lessee had paid the taxes to July, 1869, and his occupation only continued to September 1st, 1869, a period of two months.

The lessor is now trying to enforce the payment of taxes for the fiscal year terminating June 30th, 1870, being for a period of ten months after the expiration of the lease and his occupation of the premises.

The Court finds that during each and every year of said term the net amount of rents received, after deducting such taxes and assessments, exceeded two hundred and fifty dollars per month. By the covenant of the lease, it was provided "that should the amount of rent received by the lessee from said premises, after deducting said taxes and assessments, in any one year during the term of this lease, be insufficient to pay said monthly rent of two hundred and fifty dollars, then said party of the second part shall not be liable to pay more for the rent of said premises, nor upon the covenants of the lease, than such amount as he shall receive as the rents and profits of said property."

It will be seen that no provision is made for the last six months: and at the expiration of the lease, the tax levy not being then fixed, it was impossible for the lessee to ascertain the amount of the taxes for the purpose of protecting himself under that covenant of the lease providing for a deficiency of the monthly rents.

*R. P. & H. N. Clement,* for Respondents.

The language of the lease is, that the lessee shall pay certain monthly rent as set forth, " together with all taxes, rates, or

assessments which may at any time during said term be levied or assessed on the premises leased or the improvements thereon." It does not say that the lessees shall pay only such taxes as shall "fall due" during the term, or that the lessee shall pay "all taxes for the fiscal years ending within said term"; but it says "all taxes which may at any time during said term be levied or assessed." As the Court remarked in *Post* v. *Kearney*, 2 Comst. 329, "the covenant is perfectly plain, and unless there is some law that prohibited parties from making their own contracts, the defendant must abide by the one he has voluntarily assumed." This point was, however, settled by the Supreme Court in the case of *Blythe* v. *Gately*, 51 Cal. 236.

By the Court, CROCKETT, J :

In legal effect, the covenant in the lease was, that during the last six months of the term the lessee would pay the monthly rent, and all taxes, rates, and assessments which, during the six months, should be levied or assessed upon the demised premises; but subject to the proviso that if the net income from the property during the six months should be insufficient to pay the rent, taxes, and assessments, the lessee was under no obligation to pay more than the net income amounted to. In suing to recover the taxes levied during that period, it was incumbent on the plaintiff to show in the complaint a breach of the covenant by an averment that the net income from the property during the six months was sufficient to pay the rent, taxes, and assessments; and if not sufficient to pay the whole, the amount of the net income should have been averred, so as to show the amount, if any, applicable to the taxes. But there is no such averment, nor any equivalent averment in the complaint. Subdivision 14 of the complaint, which contains the only averment on the subject, is in these words :

"14. That in every year during the term of said lease, the net amount of rent received by the defendants from said premises, after deducting all taxes and assessments levied or assessed on said premises and the improvements thereon, exceeded the sum of two hundred and fifty dollars per month; and the net

amount of rents by them received from said premises during the last year of said term was more than sufficient to pay said rent of two hundred and fifty dollars per month, and said tax of two thousand four hundred and twenty-three dollars and twenty-six cents, and all other rates, taxes, and assessments on said premises and improvements."

The familiar rule is that a pleading is to be construed more strongly against the pleader; and the averment that " in every year during the term of said lease," and that " during the last year of said term " the rents and profits received by the lessee were more than sufficient to pay the rent and the taxes levied during that year, cannot be held to be equivalent to an averment that during the last six months of the term, which was only a fraction of a year, the income from the property was sufficient to pay the rent and taxes during that fraction of a year.    A year is twelve calendar months; and when the averment is that " during a year," or " in every year " during a term of years, a certain event happened, the natural construction of this language is that the event transpired during a period of twelve months. On the opposite construction, the averment of this complaint would apply as well to a period of one day in a year as to a term of six months, each being only a fraction of a year.    If this lease had been for a term of ten years and three days, instead of ten years and six months, and if the action had been to recover taxes levied during the three days, to the amount of twenty-four hundred dollars, I apprehend that an averment in the complaint that " in every *year* during the term " the income from the property had exceeded the rents and taxes, and that " during the last *year* of said term " the income had been more than sufficient to pay the rent and the two thousand four hundred dollars for taxes, could not be held on any reasonable interpretation of the language to be equivalent to an averment that the income from the property during the three days was more than sufficient to pay the rent and taxes; and that, too, in the face of a rule that a pleading is to be construed more strongly against the pleader, and that all reasonable doubts arising on the face of the pleading are to be resolved against him.

We are of opinion that the complaint is defective in substance for a failure to aver a breach of the covenant, and that the general demurrer to it ought to have been sustained.    Moreover, there is reason to infer that the cause was tried on the theory that the averments of the complaint already quoted referred to the last year of the entire term, counting back from September, 1869.    We infer so from the fact that it was stipulated at the trial that *during that year* the income from the property was more than sufficient to pay the rent and taxes.    But on our construction of the lease this was an immaterial circumstance, and we think the ends of justice demand that the cause should be tried anew on amended pleadings.

Judgment and order reversed and cause remanded, with an order to the Court below to sustain the general demurrer to the complaint.

Mr. Chief Justice WALLACE did not express any opinion.